**FAEGRE DRINKER BIDDLE & REATH LLP**
SUSAN Y. LY (SBN 323695)
*susan.ly@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California  90067
Telephone:  +1 310 203 4000
Facsimile:    +1 310 229 1285

Attorneys for Defendants
U.S. FINANCIAL LIFE INSURANCE COMPANY
and HERITAGE LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ROCHELLE R. ROLLE, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FINANCIAL LIFE INSURANCE COMPANY, an Ohio Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 3:25-cv-04829<br><br>(Superior Court of California, San Mateo County Superior Court Case No.: 25-CIV-02195)<br><br>**DEFENDANTS U.S. FINANCIAL LIFE INSURANCE COMPANY AND HERITAGE LIFE INSURANCE COMPANY NOTICE OF REMOVAL**<br><br>Complaint Filed: March 26, 2025<br>Case Removed:    June 6, 2025 |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants U.S. Financial Life Insurance Company ("USFL") and Heritage Life Insurance Company ("Heritage") (sued as DOE 1) (collectively "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, for the County of San Mateo, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"), as set forth below.

## I.    SUMMARY OF COMPLAINT

1.    On March 26, 2025, Plaintiff Rochelle Rolle ("Plaintiff" or "Rolle") commenced a lawsuit in the Superior Court of San Mateo County, California, entitled *Rochelle Rolle, Individually, and on Behalf of the Class, v. U.S. Financial Life Ins. Co., et al.*, Case No. 25-CIV-02195 ("State Court Action").  Attached hereto as Exhibit A are true and correct copies of the Summons and Complaint filed by Plaintiff.

2.    On May 9, 2025, Defendants accepted service of the Summons and the Complaint by signing Notices and Acknowledgments of Receipt.  Because this Notice of Removal is being filed within 30 days of service of the Summons and Complaint, it is timely filed pursuant to 28 U.S.C. § 1446(b).

3.    Plaintiff alleges that since January 2013, USFL wrongfully terminated thousands of life insurance policies in violation of California law, specifically Insurance Code Sections 10113.71 and/or 10113.72 (the "Statutes"). (Ex. A, p. 1, ¶1; p. 14, ¶¶ 61-63).  Plaintiff asserted a cause of action for Unfair Competition under California Business and Professions Code Sections 17200, *et seq.*, and seeks certification of a class to pursue that claim on behalf of other former policyowners or designated beneficiaries of policies issued by USFL. (Ex. A, ¶¶ 59-70).

4.    Plaintiff seeks two main forms of relief (plus attorneys' fees and costs):

a.    *First*, she demands "restitution" in the form of payment of the

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF REMOVAL
CASE NO.: 3:25-CV-04829

death benefit on all policies where (i) USFL did not fully comply with the Statutes' notice and grace-period requirements; (ii) the policy lapsed for nonpayment of premium; and (iii) the insured has since died. (Ex. A, "Prayer for Relief").

b.     *Second*, she seeks injunctive relief in the form of an order restoring all policies where (i) USFL did not fully comply with the Statutes' notice and grace-period requirements; (ii) the policy lapsed for nonpayment of premium; and (iii) the insured is still living. Plaintiff also seeks an order broadly requiring USFL to comply with the Statutes and to end various (unspecified) deceptive acts toward its policyowners and beneficiaries. (Ex. A, "Prayer for Relief").

## II.     REMOVAL IS APPROPRIATE AND TIMELY

5.     28 U.S.C. § 1441(a) allows removal of any state court action over which the United States District Courts have original jurisdiction. Based on the facts set forth below, this Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(d), as this is a class action in which the proposed class exceeds 100 members, at least one member of the putative class is diverse from Defendant, and the amount in controversy exceeds $5 million.

6.     Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1441, because this Court is in the district and division embracing the place where the State Court Action is pending.

7.     Removal is timely because, pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is filed within 30 days of the date on which Defendants' counsel accepted service of the Summons and Complaint. *See* Ex. B (Notices and Acknowledgments of Receipt - Civil).

8.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve this

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANTS' NOTICE OF REMOVAL
CASE NO.: 3:25-CV-04829

Notice of Removal on Plaintiff's counsel and file it with the Clerk of the Superior Court of the State of California for the County of San Mateo.

9.      As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the removed case are attached to this Notice of Removal and incorporated herein by reference.  *See* Ex. C (all process, pleadings, and orders served in the State Court Action).

## III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

10.     This action is removable under CAFA, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and/or 1453.

### A.    The Putative Class Is Sufficiently Numerous.

11.     CAFA requires that the putative class comprise at least 100 putative class members.  28 U.S.C. § 1332(d)(5).  Plaintiff defines the class as follows:

> All owners, or beneficiaries upon a death of the insured, or Defendant's life insurance policies that were issued or delivered by Defendant in California, and in force on or after January 1, 2013, and which underwent or will undergo lapse or termination for the nonpayment of premium without Defendant first providing every notice, grace period, and offer of designation required by Insurance Code Sections 10113.71 and 10113.72.

Plaintiff further alleges that the members of the putative class "are so numerous that their individual joinder is impracticable."  (Ex. A, ¶ 49).  Indeed, Plaintiff expressly admits that the "proposed Class contains *hundreds and perhaps thousands* of members." *Id.* (emphasis added).  The putative class therefore satisfies the 100-member threshold required by CAFA.

### B.    Minimal Diversity Is Satisfied.

12.     CAFA also requires minimal diversity, meaning that at least one putative class member be a citizen of a different state than that of any one defendant. *See* 28 U.S.C. § 1332(d)(2).

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF REMOVAL
CASE NO.: 3:25-CV-04829

13.     Here, Plaintiff is a citizen of California.  The Complaint alleges that Plaintiff "was and has been a resident and citizen of San Mateo County, California" "[a]t all relevant times." (Ex. A, ¶ 11).  Accordingly, Plaintiff is a California citizen for the purpose of diversity jurisdiction.

14.     USFL is now, and at all relevant times was, a citizen of the State of Arizona.  At all relevant times, USFL has been incorporated under the laws of Arizona, with its principal place of business in Illinois.  Attached hereto as Exhibit D is a judicially noticeable document[1] from the California Secretary of State, which conclusively shows that USFL is incorporated in Arizona with its principal place of business in Illinois.  (*See also* Ex. C, "Amendment to Complaint") (alleging that USFL is an "Arizona corporation").  For the purpose of diversity jurisdiction, USFL is therefore a citizen of Arizona and Illinois.

15.     Heritage is now, and at all relevant times was, a citizen of the State of Arizona.  At all relevant times, Heritage has been incorporated under the laws of Arizona, with its principal place of business in Illinois.  Attached hereto as Exhibit D is a judicially noticeable document from the California Secretary of State, which conclusively shows that Heritage is incorporated in Arizona with its principal place of business in Illinois. (*See also* Ex. C ("Amendment to Complaint") (alleging that Heritage is an "Arizona corporation").  For the purpose of diversity jurisdiction, Heritage is therefore a citizen of Arizona and Illinois.

16.     Accordingly, the parties are minimally diverse because Plaintiff, a member of the putative class, is a citizen of California, and Defendants are citizens

---

[1] Defendants request the Court take judicial notice of the fact that USFL and Heritage are each incorporated in Arizona, and each have their principal place of business in Illinois.  A court may take judicial notice of a fact where it "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2).  Exhibit D comprises of a State of California Secretary of State Statement of Information filed on February 3, 2025 for USFL and a State of California Secretary of State Statement of Information filed on April 15, 2025 for Heritage.  Exhibit D are public records maintained by the California Secretary of State and can be accessed at https://bizfileonline.sos.ca.gov/search/business.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF REMOVAL
CASE NO.: 3:25-CV-04829

1    of Illinois and Arizona.   Furthermore, the exceptions listed in 28 U.S.C. §§

2    1332(d)(4)(A)-(B) do not apply because no defendant is a citizen of California.

3    **C.    There Is at Least $5 Million in Controversy.**

4    17.    Lastly, CAFA requires that the amount in controversy exceed $5 million

5    for the putative class in the aggregate, exclusive of costs and interest.  28 U.S.C. §

6    1332(d)(2).

7    18.    To satisfy this requirement, a defendant need only establish that "the

8    potential damages *could* exceed the jurisdictional amount." *Rea v. Michaels Stores*

9    *Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*,

10   627 F.3d 395, 397 (9th Cir. 2010)) (emphasis added).  "To meet CAFA's amount-in-

11   controversy requirement, a defendant needs to plausibly show that it is reasonably

12   possible that the potential liability exceeds $5 million." *Greene v. Harley-Davidson,*

13   *Inc.*, 965 F.3d 767, 772 (9th Cir. 2020).  In other words, "[t]he ultimate inquiry is

14   what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant

15   will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205

16   (E.D. Cal. 2008).

17   19.    The alleged CAFA amount in controversy here exceeds $5 million based

18   on the four corners of the Complaint.

19   20.    First, Plaintiff seeks "restitution payments to beneficiaries of policies

20   where the insured has died and the policy was lapsed or terminated in violation of

21   [the Statutes]." (Ex. A, ¶ 50(e)).

22   21.    Plaintiff seeks this relief on her own behalf by seeking to recover the

23   Death Benefit of her deceased mother's life insurance policy, which allegedly

24   provided a death benefit of at least $75,000 (the "Policy"), as well as a putative class

25   of beneficiaries of USFL life insurance policies that were issued or delivered by

26   USFL in California on or after January 1, 2013, and "which underwent or will

27   undergo lapse or termination for the nonpayment of premium." *Id.* ¶¶ 39 and 48.

28

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF REMOVAL
CASE NO.: 3:25-CV-04829

22.    Plaintiff alleges that USFL has "robbed thousands of its beneficiaries of policy benefits." *Id.* ¶ 9.

23.    Given the "thousands" of alleged potential claimants and the value of the Policy, it is more than "reasonably possible" that the requested restitution exceeds $5 million. *Greene*, 965 F.3d at 772.

24.    In addition to Plaintiff's request for restitution, which itself exceeds $5 million, complying with the injunctive relief sought by Plaintiff would cost Defendants over $5 million, as it would result in the restoration hundreds or thousands of life insurance policies.  If even a fraction of those policies provides for a death benefit near or equal to the Policy ($75,000), the injunctive relief requested by Plaintiff would exceed $5 million by many orders of magnitude.

25.    Plaintiff also seeks attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5.  (Ex. A, ¶ 70, "Prayer for Relief").  *See Wagner v. Wal-Mart Assocs., Inc.*, 668 F.Supp.3d 1047 (C.D. Cal. 2023) ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." (quoting *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998))).

26.    Fee requests in other consumer class actions have been significant and total millions of dollars.  *See, e.g.*, *Troy v. Aegis Senior Cmtys. LLC*, 2021 WL 6129106, at *4 (N.D. Cal. Aug. 23, 2021) (awarding $6,350,000 in fees and $1,174,531.06 in costs in consumer class action); *In re EasySaver Rewards Litig.*, 2020 WL 2097616, at *21 (S.D. Cal. May 1, 2020) (awarding $3,417,904.13 in attorney's fees in consumer class action); *Broomfield v. Craft Brew Alliance, Inc.*, 2020 WL 1972505, at *30 (N.D. Cal. Feb. 5, 2020) (awarding $2,263,779.69 in fees and $329,973.59 in costs in consumer class action).

27.    Plaintiff's requests for restitution, injunctive relief, and attorneys' fees, when aggregated, total over $5 million in controversy.

DEFENDANTS' NOTICE OF REMOVAL
CASE NO.: 3:25-CV-04829

## IV.    CONCLUSION

For the foregoing reasons, this Court has jurisdiction to hear this case. Defendants thus have properly removed the State Court Action to this Court.

DATED: June 6, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

By:    */s/ Susan Ly*
       SUSAN LY

Attorneys for Defendants
USFL LIFE INSURANCE COMPANY and
HERITAGE LIFE INSURANCE
COMPANY

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES